EMILIO SAAVEDRA MARTÍNEZ, demandante, *v.* JOYERÍAS GORDONS, INC., demandada y tercera demandante y recurrente; FIREMAN'S FUND INSURANCE CO., tercera demandada y recurrida.

*Número:* RE-87-33          *Resuelto:* 20 de enero de 1988

*Oronte Oliveras Sifre*, abogado de la recurrente; *Carlos Martínez Texidor*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

A modo de prólogo, por resultar ilustrador a la correcta solución de este recurso, reproducimos del jurista Soto Nieto el pasaje siguiente:

El tiempo de vigencia del concierto de seguro tiene su *dies ad quo* y su *dies ad quem*.[1] Para que la obligación responsable del asegurado quede bajo la cobertura del seguro es preciso que el hecho desencadenante del daño y provocador de responsabilidad haya acaecido entre uno y otro momento. El asegurador queda obligado con tal de que el accidente tenga su acaecimiento durante la vigencia del contrato, y ello con independencia de que la reclamación se produzca, a su vez, dentro de dicho período temporal, salvando, naturalmente, el supuesto de originación de la prescripción.

Si el accidente sobreviene con anterioridad al hito inicial ningún deber prestacional podrá ponerse a cargo del asegurador. F. Soto Nieto, *El Seguro Voluntario y el Procedimiento Penal*, Madrid, Ed. Tairiury, 1946, pág. 73.

## I

El 28 de abril de 1984, ante el Tribunal Superior, Sala de Mayagüez, Emilio Saavedra Martínez demandó a Joyerías Gordons, Inc. Adujo que en 1979 adquirió a crédito mercancía la cual saldó diligentemente. No obstante, Joyerías Gordons no acreditó su pago y negligentemente sometió un informe negativo de su crédito a la agencia de información United Credit Bureau. Esta agencia lo clasificó con el código 07, que constituye la puntuación más baja con referencia a un crédito personal. Como consecuencia, Saavedra Martínez alegó que el 19 de marzo de 1984, al gestionar la compra de un automóvil, el banco le negó el financiamiento, lo cual le causó daños y perjuicios.

Joyerías Gordons contestó y negó responsabilidad. El 29 de noviembre presentó demanda de tercero contra Fireman's Fund Insurance Co. (en adelante, Fireman's) en la que

---

[1] *Dies ad quo* significa "momento inicial del plazo". Por *dies ad quem*, se entiende por tal "el último de un plazo, cuyo transcurso produce la eficacia o ineficacia que del plazo dependa. Este día ha de transcurrir completo". M.A. del Arco Torres—M. Pons González, *Diccionario de Derecho Civil*, Pamplona, Ed. Aranzadi, 1984, T. I, págs. 514–515.

alegaba la existencia de una póliza expedida a la fecha de los daños. Le reclamó el reembolso de cualquier suma que viniera obligada a satisfacer al demandante Saavedra Martínez. Fireman's contestó y adujo que la póliza de un (1) año — vigente desde el 1ro de abril de 1983— sólo "cubría los sucesos y ocurrencias" surgidos durante ese período. Alegó temeridad de Joyerías Gordons.

Oportunamente, a ruego de Fireman's, el ilustrado tribunal de instancia acogió dicha defensa y sumariamente desestimó la demanda de tercero. Por su temeridad le impuso a Joyerías Gordons las costas del proceso y $1,000 de honorarios de abogado. A solicitud de ésta revisamos.

## II

Procede confirmar la sentencia. *Primeramente*, para 1979 —en que ocurre el alegado acto culposo de Joyerías Gordons— entre ésta y Fireman's no existía relación de asegurado-aseguradora. Fireman's no tenía expedida póliza alguna. La única póliza a favor de Joyerías Gordons y sus subsidiarias tiene como *período de vigencia* (*policy period*) desde el 1ro de abril de 1983 y termina el 1ro de abril de 1984, 12:01 A.M. *Segundo*, esta póliza es el tipo denominado *Comprehensive General Liability Policy*, por ocurrencia, y como tal tiene unas condiciones distintas a otros tipos y, por ende, exige la interpretación que armonice con sus términos. Algunas pólizas cubren ciertos riesgos aun cuando, en algunos extremos, exista similitud en ciertas cláusulas. R.H. Long, *The Law of Liability Insurance*, Nueva York, Ed. Mattew Bender, 1989, Vol. 1, Sec. 1.06 *et seq.* Aclarados estos extremos, examinemos la póliza de responsabilidad pública por *ocurrencia* que nos ocupa.

Bajo la cubierta de *Comprehensive General Liability Insurance*, en lo pertinente, dicha cláusula dispone lo siguiente:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies *caused by an occurrence* . . . . (Énfasis en el original.) *Exhibit* I, pág. 45.

Traducida al vernáculo significa:

La compañía [aseguradora] pagará en beneficio de o por el asegurado toda suma de dinero que el asegurado esté legalmente obligado a pagar por daños físicos o daños a la propiedad *causados por una ocurrencia* . . . .

La palabra ocurrencia (*occurrence*) ha sido definida como "un accidente, incluyendo exposición continua y repetida a una condición que resulta en daños físicos o daños a la propiedad no anticipados ni intencionales desde el punto de vista del asegurado". (Traducción nuestra.) 11 *Couch on Insurance* 2d (ed. rev.), Sec. 44.285. R.E. Keeton, *Insurance Law*, West Pub., 1971, Sec. 510(d); Nota, *Insurance—Time of Event*, 37 A.L.R. 4th 382, 395–402. Esta definición la refrendamos en *Morales Garay* v. *Roldán Coss*, 110 D.P.R. 701, 708 (1981).

Por su parte, bajo *Policy Period; Territory* —encasillado Núm. 5— se dispone:

This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory. *Exhibit* I, pág. 48.

En el idioma español, la cláusula revela su cubierta temporal:

Este seguro aplica solamente a daños físicos o daños a la propiedad causados durante el período de vigencia de la póliza, dentro del territorio cubierto por la póliza. (Traducción nuestra.)

■ Nuevamente 11 *Couch on Insurance, op. cit.*, Sec. 44.8, nos ilustra cuando expresa que un "accidente que, por

su naturaleza, representa un riesgo cubierto por una póliza de responsabilidad no está cubierto si ocurre en o antes del período de cubierta de la póliza. Dicho de otro modo, no existe responsabilidad si el accidente o lesión ocurre fuera del período de tiempo de cubierta de la póliza de responsabilidad". (Traducción nuestra.)

Esta regla general sufre excepciones con relación a otros tipos de pólizas. Una de ellas es la denominada Póliza de *Indemnización* (*Indemnity Policy*). Keeton, *op. cit.*, Sec. 3.1 *et seq.* Ésta asegura la pérdida o el riesgo de la pérdida. Otra es conocida como Póliza de *Descubrimiento* (*Discovery Policy*). Nota, *supra*, págs. 402–404. Appleman la define como "aquella en que la cubierta se efectúa si el acto u omisión negligente es descubierto y traído a la atención de la aseguradora dentro del período de la póliza; mientras que una póliza de ocurrencia es aquella en que la cubierta es efectiva si el acto u omisión negligente ocurre dentro del período de la póliza independientemente de la fecha de su descubrimiento". (Traducción nuestra.) 7A *Insurance Law & Practice*, Sec. 4491.01 (1979). La primera, también es conocida como *Reclamaciones Hechas* (*Claims Made*), que ofrece cubierta al momento en que se presenta la reclamación irrespectivamente del momento en que ocurrió el acto negligente. R.I. Mehr, *Fundamentals of Insurance*, 2da ed., Illinois, Irwin, 1986, pág. 275; D.L. Bickelhaupt, *General Insurance*, 11ma ed., Illinois, Irwin, 1983, págs. 515–517.

## III

Bajo las cláusulas de la póliza expedida por Fireman's a Joyerías Gordons, ésta no cubre la reclamación de Saavedra Martínez, pues su causa de acción está basada en un alegado acto negligente acaecido en 1979. Nada hay en la póliza posteriormente adquirida por Joyerías Gordons en que pueda sostenerse su tesis de cubierta. Los términos de la póliza,

según antes expuestos, son claros y no admiten otra solución. Estos son los términos que rigen contractualmente las obligaciones de las partes. Deben ser acatados por las partes y avalados por los tribunales. *Banco de la Vivienda* v. *Pagán Ins. Underwriters*, 111 D.P.R. 1 (1981); *Morales Garay* v. *Roldán Coss*, supra; *Casanova* v. *P.R. Amer. Ins. Co.*, 106 D.P.R. 689, 696–697 (1978); *Rivera* v. *Insurance Co. of P.R.*, 103 D.P.R 91 (1974).

Finalmente, la tesis de Joyerías Gordons merece un comentario final. El que Saavedra Martínez adviniera en conocimiento de la negligencia de aquélla en 1984 —en ocasión de la negativa del banco a financiar la compra del automóvil— no altera los términos de la póliza, como tampoco extiende la cubierta de Fireman's. Esa circunstancia sólo es determinante a los fines del término prescriptivo de un (1) año para exigir responsabilidad según preceptuado en el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298. *Colón Prieto* v. *Géigel*, 115 D.P.R. 232, 243–245 (1984).

## IV

No intervendremos con la imposición de honorarios del foro de instancia. Desde el primer momento, Fireman's expuso a Joyerías Gordons su posición. Una simple lectura de los términos de la póliza, unida a una breve referencia de los comentarios sobre esta materia —de fácil acceso— le hubiera demostrado lo equivocado de sus pretensiones.

*Se dictará sentencia confirmatoria.*