MANUEL RIVERA BORRERO
Demandante-Apelado

v.

DRA. LIANA R. MEDINA DE LLADO
Demandada, Tercera Demandante y Apelante

v.

ASOCIACION DE GARANTIA DE
SEGUROS MISCELANEOS
Y OTROS
Terceros Demandados y Apelados

Núm. KLAN-95-00386

San Juan, Puerto Rico, a 19 de mayo de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una *"sentencia parcial"* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el día 21 de febrero de 1995 y notificada a las partes el siguiente 7 de marzo de 1995. En dicha sentencia parcial el tribunal de instancia dictó sentencia sumaria a favor del Sindicato de Aseguradores Para la Suscripción Conjunta del Seguro de Responsabilidad Profesional Médico-Hospitalario (SIMED), una de las terceras demandadas, desestimando la demanda contra tercero en su contra presentada por la demandada-apelante, Dra. Liana R. Medina de Lladó (en adelante la *"Dra. Medina"* o la apelante). Además, el tribunal sentenciador le impuso a la Dra. Medina el pago de la suma de $500 a favor de SIMED por concepto de honorarios de abogado, al concluir que ésta actuó temerariamente.

La apelante solicita mediante recurso de *certiorari*, ██ que se revoque el dictamen del tribunal de instancia condenándola al pago de los $500 de honorarios a favor de SIMED. ██ Por otro lado, suplica que se condene a la Asociación de Garantías de Seguros Misceláneos (en adelante la *"Asociación"*), la otra tercera demandada, al pago de una suma razonable a favor de SIMED y de la apelante.

Nos extendemos en esta sentencia para discutir los parámetros y estándares a usarse al revisar las decisiones discrecionales del tribunal de instancia.

## I

El día 31 de marzo de 1994 fue instada demanda contra la Dra. Medina, ante el tribunal de instancia por impericia profesional. La apelante fue emplazada el 20 de abril de 1994. Para esta fecha la Dra. Medina tenía en vigor dos pólizas de responsabilidad profesional, emitida una por SIMED del tipo reclamación presentada *("claims made")* y otra por la Corporación Insular de Seguros, asegurador que al presente es objeto de un procedimiento de liquidación y es aquí sustituido por la Asociación.

Luego de ser emplazada, la Dra. Medina le reclamó extrajudicialmente cubierta a SIMED y a la Asociación por los hechos alegados en la demanda, negándole ambas aseguradoras cubierta. Mediante cartas del 9 y 30 de mayo de 1994, SIMED le notificó a la Dra. Medina que no existía cubierta debido a que el incidente médico que da origen a la reclamación ocurrió antes de la fecha de retroactividad de la póliza. No obstante, el 9 de junio de 1994 la apelante instó demanda de terceros contra SIMED y la Asociación para que éstos cumplieran con los contratos de seguros expedidos a favor de aquélla. ■

El 30 de agosto de 1994, SIMED presentó una Moción de Sentencia Sumaria en la cual solicitó se desestime la demanda contra tercero instada en su contra y que se le impusieran honorarios de abogado por temeridad a la apelante. SIMED nuevamente sostuvo lo antes dicho a la Dra. Medina, o sea, que los términos de la póliza de seguros emitida a favor de la apelante claramente expresan que no existe cubierta para incidentes médicos ocurridos antes de la fecha de retroactividad de la póliza. SIMED, también le confirmó al tribunal de instancia que la Dra. Medina había sido adecuadamente informada de esta situación antes de ella traerlos al pleito.

Por otro lado, la Dra. Medina en su oposición a la solicitud de sentencia sumaria, argumentó que una póliza del tipo *"claims made"* provee cubierta para toda reclamación recibida por el asegurador durante la vigencia de la póliza independientemente de la fecha en que ocurrió el incidente que da origen a la reclamación. Basó su argumento en la decisión *Saavedra v. Joyería Gordons,* 120 D.P.R. 360 (1988).

El 21 de febrero de 1995, el Tribunal de Primera Instancia, Sala Superior de Bayamón, dictó sentencia sumaria parcial a favor de SIMED. El tribunal sentenciador concluyó correctamente que el texto del contrato de seguros suscrito por la apelante y el apelado son *"...claros y no dan margen a ambiguedades",* que de acuerdo con los términos del contrato la reclamación no está cubierta y que el caso invocado por la apelante, *Saavedra v. Joyería Gordons, supra,* no sostiene una conclusión contraria. Como hemos señalado, el tribunal de instancia le impuso el pago de la suma de $500 a favor de SIMED por concepto de honorarios de abogado a la apelante, al concluir que ésta actuó temerariamente debido a que la demanda de tercero interpuesta por ella obligó a SIMED a *"... defenderse de una controversia que debió haberse evitado ya que el texto del contrato de seguros es claro y el asegurador justificó adecuadamente su decisión en las comunicaciones que le envió a la tercera demandante."* Es de esta determinación en la sentencia parcial, que la apelante acude a este Tribunal, solicitando mediante recurso de *certiorari* que se revoque el dictamen del tribunal de instancia condenándola al pago de honorarios a favor de SIMED.

## II
### (a) ¿Cuándo Procede la Imposición de Honorarios?

La Regla 44.1 (d) de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Apéndice III, dispone que el tribunal deberá imponer en su sentencia honorarios de abogado en el caso en que una parte haya procedido con temeridad. En ausencia de pacto, los conceptos de *"temeridad"* o *"frivolidad"* constituyen los elementos distintivos e indispensables de la condena de honorarios de abogado. *Santos Bermúdez v. Texaco P.R. Inc.,* 123 D.P.R. 351,

355 (1989).

La acción que amerita la condena de honorarios de abogado es cualquiera que haga necesaria un pleito que se pudo evitar, que lo prolongue innecesariamente, o que produzca la necesidad de que otra parte incurra en gestiones evitables. *Fernández v. San Juan Co., Inc.,* 118 D.P.R. 713, 718-719 (1987). Además, el Tribunal Supremo en *Fernández* señaló que el propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad, es la de establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito.

El Tribunal Supremo ha resuelto que no procede la imposición de honorarios de abogado, por razón de temeridad, en un caso donde una parte acude al tribunal, o se defiende, en relación con una cuestión que tiene acogida y adjudicación por primera vez en nuestra jurisdicción. *Brea v. Pardo,* 113 D.P.R. 217, 226 (1982). Sin embargo, el hecho de que el punto resulte nuevo, no constituye *"carta blanca"* para actuar en forma temeraria. *Corpak. Inc. v. Ramallo Brothers Printing, Inc,* ___ D.P.R. ___ , (1990), **90 J.T.S. 37,** página 7572. El mero hecho de que una cuestión sea debatible no exonera a una parte del pago de honorarios de abogado si la ley que rige la cuestión es tan clara que basta aplicarla a los hechos para poder decidirlo sin dificultad. *Ramírez v. Club Cala de Palmas,* 123 D.P.R. 339, 350 (1989). Sin embargo, el simple hecho de que una parte haya perdido el caso, no da base para penalizarlo con honorarios de abogado a favor de la parte victoriosa. *Raoca Plumbing v. Trans World,* 114 D.P.R. 464, 472 (1983)██

La norma prevaleciente es que los honorarios de abogado se conceden por temeridad y dependen de la discreción del tribunal sentenciador, *Asociación de Condóminos v. Treves Reyes,* 120 D.P.R. 574, 579 (1988), y no se revisará una determinación de temeridad a menos que se demuestre que se ha cometido un abuso de discreción. *Montañez Cruz v. Metropolitan Cons. Corp.,* 87 D.P.R. 38, 40 (1962).

(b) **Los Parámetros y Estándares para Revisar Una Sentencia u Orden por Abuso de Discreción.**

En *Pueblo v. Sánchez González,* 90 D.P.R. 197, 200 (1964), nuestro Honorable Tribunal Supremo indicó que: *"Ningún Tribunal de Justicia posee discreción absoluta."* Además, se expresó sobre lo que debe ser la discreción del tribunal:

*"El concepto legal de la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino la obligación de aplicar las reglas del conocimiento distintivo a ciertos hechos jurídicos con el objeto de mitigar los efectos adversos de la Ley, a veces diferenciando unos efectos de otros. Discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, cuando los elementos coactivos de una Ley resultan superiores a los elementos reparadores. La discreción permite salirse un tanto de la Ley en busca de la justicia."*

En el caso de *Pueblo v. Ortega Santiago,* ___ D.P.R. ___ ,(1990), **90 J.T.S. 12,** página 7375, nuestro Tribunal Supremo explicó:

*"El abuso discrecional se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez, en la decisión que emite, no toma en cuenta e ignora sin fundamento para ello un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión*

*exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos."*

Hemos también acudido a otros foros para comparar los criterios y estandares usados por ellos al revisar las decisiones discrecionales de los tribunales inferiores y hemos encontrado que son los mismos que los nuestros. Veamos.

En el caso de *Pierce v. Underwood*, 487 U.S. 552, 558 (1988), 108 S.Ct. 2541, 101 L.Ed. 2d 490, dijo el Tribunal Supremo de los Estados Unidos:

*"Para los propósitos de estandar de revisión, las decisiones de los jueces son tradicionalmente divididas en tres categorías, las denominadas controversias de derecho (revisables de novo) controversias de hecho (revisables por claro error) y asuntos de discreción (revisables por abuso de discreción)."* (Traducción nuestra)█

En *United States v. One Parcel of Real Property*, 960 F.2d 200, 208 (1st Cir. 1992) se estableció que:

*"En apelación, aplicamos el estandard de abuso-de-discreción al medir lo apropiado del dictamen y la justificación sustancial usada por el tribunal de instancia.\*\*\*\* Bajo este estandar, revocamos únicamente si, al evaluar el expediente en su totalidad, aparece que el tribunal inferior cometió un claro error de juicio y llegó a una conclusión errónea."* (Traducción nuestra.)█

También en *Independent Oil and Chem. Wkrs. v. Procter and Gamble*, 864 F.2d 927, 929 (1st Cir. 1988) se dijo, citando *In Re: San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1019 (1st Cir. 1988):

*"La única pregunta real es si el juez de distrito hizo mal uso de su discreción al evaluar las circunstancias y al calibrar las escalas. La discreción judicial es necesariamente amplia - pero no es absoluta. El abuso ocurre cuando un factor material que merece un peso significativo es ignorado, cuando se confía en un factor inapropiado o cuando todos los apropiados y ninguno de los factores inapropiados son evaluados, pero el tribunal comete un serio error al sopesarlos."* (Traducción nuestra)█

En *Independent* se añadió que: *"Abuso de discreción equivale a la comisión de un error significativo por el tribunal en su juicio."*, id., pág. 929; citando *Anderson v. Cryovac. Inc.*, 862 F.2d 919, 915 (1st Cir. 1988); *("Abuse of discretion equates with the Court's commission of a 'meaningful error in judgment'.")*.

Finalmente en *De Allende v. Baker*, 891 F.2d 7, 11, fn.7 (1st Cir. 1989) citando *In Re: Josephson*, 218 F.2d 174, 182 (1st Cir. 1954) se dijo:

*"Bajo el estandar de abuso de discreción, esta corte revocará la decisión de una corte de distrito solamente si tenemos una convicción determinada y firme de que la corte inferior cometió un error claro de juicio en la conclusión a que llegó luego de sopesar los factores relevantes."* (Traducción nuestra.)█

### III

Estamos obligados, por lo tanto, a utilizar estos mismos criterios y estándares cuando se nos solicite que revisemos un alegado abuso de discreción del tribunal inferior. Por lo tanto, revocaremos la decisión discrecional del tribunal de instancia únicamente cuando al revisar el récord en su totalidad nos convecemos de que se ha cometido un error significativo o claro de

juicio en cuanto a un asunto material y relevante.

A la luz de las doctrinas antes expuestas, debemos analizar la actuación del juez de instancia al imponerle a la apelante el pago de la suma de $500 por concepto de honorarios.

SIMED le demostró por escrito en dos ocasiones a la Dra. Medina que la póliza no cubría las alegaciones de la demanda. No obstante, la Dra. Medina insistió en traer a SIMED al pleito. Es obvio, que ante la denegatoria de cubierta por las dos aseguradoras, la Dra. Medina creyó prudente traer ambas entidades al pleito para a su conveniencia descifrar las controversias sobre cubierta ante el tribunal. Tal vez, este Tribunal no hubiese encontrado que la apelante actuó en forma temeraria, pero, examinando el récord ante nos, determinamos que aunque la temeridad en este caso no es tan evidente, tampoco es tan oculta como para este Tribunal llegar a la conclusión de que según los criterios y estándares señalados en esta sentencia el tribunal de instancia cometió un error claro que merece revocarse. La función de un tribunal de apelaciones no es sustituir su propio criterio por el criterio del tribunal de instancia; *United States v. Taylor,* 487 U.S. 326, 336; 108 S.Ct. 2413, 101 L.Bd. 2d 297; *("...the role of an appellate court is not to substitute its judgment for that of a trial court....").* Hemos encontrado algún apoyo en este caso para sostener la determinación discrecional del tribunal de instancia.

Finalmente, en cuanto a la solicitud de la apelante de que se le impongan honorarios de abogado a la Asociación, debemos señalar que la procedencia o improcedencia de honorarios de abogado en contra de ésta es una que también descansa en la sana discreción del tribunal de instancia. El momento adecuado para que la aquí apelante le solicite honorarios de abogado al tribunal de instancia es al momento de resolverse la demanda contra terceros en contra de la Asociación.

## IV

Por los fundamentos antes expresados, se declara sin lugar el escrito de la apelante y se confirma la sentencia apelada.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 140

**1.** El escrito de *certiorari* presentado por la Dra. Medina fue aceptado como uno de apelación mediante nuestra resolución de fecha de 13 de abril de 1995. Aunque el tribunal de instancia denominó su sentencia como una *"parcial",* en realidad es una sentencia final en cuanto a SIMED y la Dra. Medina pues le pone fin a la controversia entre éstos.

**2.** La apelante no se queja de aquella parte de la sentencia en la cual se dicta sentencia sumaria a favor de SIMED y se desestima en cuanto a éste la demanda contra tercero.

**3.** A pesar de indebidamente haberle negado inicialmente cubierta, el 20 de enero de 1995 la Asociación compareció mediante moción ante el tribunal de instancia y aceptó proveerle cubierta a la apelante.

**4.** Para casos y ejemplos específicos sobre temeridad, véase *Raoca Plumbing v. Trans World, supra,* página 470.

**5.** *"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error) and matters of discretion (reviewable for 'abuse of discretion')."*

**6.** *"On appeal, we apply an abuse-of-discretion standard in gauging the appropriateness of the trial court's ruling anent substantial justification.\*\*\*\*Under this standard, we will reverse only if, upon an assessment of the entire record, it appears that the court below made a clear error of judgment and reached the wrong conclusion."*·

**7.** *"The only real question is whether the district judge misused his discretion in evaluating the circumstances and calibrating the scales. Judicial discretion is necessarily broad - but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the court makes a serious mistake in weighing them."*

**8.** *"Under the abuse of discretion standard this court will reverse the decision of a district court only if we are left with a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."*