ALBANY INSURANCE COMPANY, demandante, *v.* COMPAÑÍA DE DESARROLLO COMERCIAL DE PUERTO RICO y OTROS, e EAGLE STAR INSURANCE COMPANY OF PUERTO RICO, tercera demandada y peticionaria; ALLIANCE ASSURANCE COMPANY, LTD., demandante, *v.* J.F. MONTALVO WHOLESALES, INC. ET AL., demandados y recurridos; HANOVER INSURANCE COMPANY ET AL., demandantes, *v.* COMPAÑÍA DE DESARROLLO COMERCIAL DE PUERTO RICO ET AL., demandados y recurridos, e EAGLE STAR INSURANCE COMPANY OF PUERTO RICO, tercera demandada y peticionaria; IDEAL UNLIMITED SERVICES CORPORATION ET AL., demandantes, *v.* COMPAÑÍA DE DESARROLLO COMERCIAL DE PUERTO RICO ET AL., demandados y recurridos, e EAGLE STAR INSURANCE COMPANY OF PUERTO RICO, tercera demandada y peticionaria; AQUELLOS ASEGURADORES DE

LLOYD'S LONDON ET AL., demandantes, *v.* COMPAÑÍA DE DESARROLLO COMERCIAL DE PUERTO RICO ET AL., demandados y recurridos, e EAGLE STAR INSURANCE COMPANY OF PUERTO RICO, tercera demandada y peticionaria.

*Número:* CE-88-110     *Resuelto:* 6 de febrero de 1990

*Pedro Toledo González,* abogado de la peticionaria; *Benjamín Acosta, Jr.,* abogado de la Compañía de Desarrollo Comercial de Puerto Rico y de la Alliance Assurance Company, Ltd., recurrida; *Rafael Ortiz Carrión, Procurador General, Carmen A. Bravo de Riefkohl* y *Nilda P. Fuentes Ortiz, Procuradoras Generales Auxiliares,* abogados del Comisionado de Seguros, *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En una póliza de las denominadas *Comprehensive General Liability Insurance,* que cubre daños causados por un siniestro (*occurrence*), ¿cuál es el momento decisivo para considerar si existe o no cubierta: la fecha en que ocurre el daño o cuando se cometió el acto negligente? Este recurso sometido por la Eagle Star Insurance Company of Puerto Rico (en adelante Eagle) nos permite contestar esta interrogante y pronunciarnos en una cuestión de importancia en la interpretación de contratos de seguros.

## I

El 3 de marzo de 1981 un incendio destruyó un edificio conocido como "Expansión Mercado Central Fase I" (en adelante el edificio), causando cuantiosas pérdidas. Los demandantes recurridos exponen que el siniestro se debió a los actos negligentes de, entre otros, el codemandado Jorge Fuertes Bachman h/n/c J.F.B. Construction Company (en adelante J.F.B.), al construir en 1978 las paredes divisorias entre los locales del almacén.

La compañía aseguradora Eagle fue incluida como demandada y solicitó que el tribunal de instancia dictara sentencia sumaria a su favor, alegando que cuando su asegurada construyó las paredes en 1978 la póliza no estaba en vigor. Los demandantes se opusieron alegando que el momento determinante para evaluar si existía cubierta de la póliza es la fecha en que se sufre el daño al ocurrir el siniestro y no

cuando se lleva a cabo el acto negligente. El tribunal de instancia acogió la teoría de los demandantes y declaró sin lugar la moción de sentencia sumaria. La parte demandada, inconforme, acudió ante este Tribunal e insistió en que en una póliza de seguro a todo riesgo (*Comprehensive General Liability Insurance*) la fecha determinante es cuando se lleva a cabo el acto negligente.

Por la naturaleza del asunto se solicitó que las partes analizaran extensamente el siniestro (*occurrence*) cubierto por la póliza. Se solicitó, además, la comparecencia del Comisionado de Seguros en calidad de *amicus curiae*. Analizados los argumentos de todas las partes, así como la comparecencia especial del Comisionado de Seguros, estamos en posición de resolver la controversia.

## II

Una póliza de seguros a todo riesgo (*Comprehensive General Liability Insurance*) es aquella en la cual se han "incluido todas las garantías normalmente aplicables a determinado riesgo". J. Castelo, *Diccionario Básico de Seguros*, Madrid, Ed. Mapfre, 1972, pág. 160. Es decir, no se enumeran detalladamente todos aquellos riesgos cubiertos y se provee seguro para aquellos riesgos enumerados y para todo otro que no haya sido descubierto, reconocido o especificado. Sin embargo, esto no significa que sea una póliza que cubra todo riesgo sin condiciones, limitaciones o exclusiones. J. Long y D. Gregg, *Property and Liability Insurance Handbook*, 1965, pág. 493.

Normalmente este tipo de póliza contiene una sola cláusula de cubierta para daños a la propiedad y otra para daños corporales. El lenguaje que contienen estas cláusulas es sumamente importante pues define el alcance de la cubierta. Si la cláusula sobre daños a personas establece que se compensarán los daños físicos o corporales y no los perso-

nales, la cubierta se limitará estrictamente a éstos y no podrá indemnizarse otros tipos de perjuicios como líbelo, angustias mentales, etc.

■ Una situación similar ocurre con el lenguaje utilizado en la cláusula sobre daños a la propiedad. Usualmente esta cláusula está redactada de manera tal que se compensen aquellos daños sufridos "causados por un accidente". En este contexto accidente significa "un evento repentino, inesperado e involuntario, pero identificable en cuanto a lugar y tiempo". Long y Gregg, *op. cit.*, págs. 466 y 501. Sin embargo, si la cláusula está redactada a base de la ocurrencia de un siniestro (*occurrence*), su cubierta será más amplia y se compensarán otras reclamaciones tales como enfermedades, exposición a gases tóxicos o enfermedades contagiosas, y actos de omisión como la falta de instalación de una alarma o de un sistema de rociadores. De igual modo, si la cláusula sobre daños a la propiedad está redactada a base de la ocurrencia de un siniestro, la cubierta se extenderá a violaciones a patentes o derechos de autor, consejos erróneos sobre inversiones, diseño estructural defectuoso o pérdida de propiedad debido a error u omisión. Long y Gregg, *op. cit.*, pág. 502.

## III

■ El período de vigencia de la póliza de seguro a todo riesgo (*Comprehensive General Liability Insurance*) ante nuestra consideración era de un (1) año a partir de 16 de marzo de 1980 y cubría daños por incidentes que ocurrieran durante su período de vigencia.(1) Al examinar las cláusulas de cubierta, vemos que se dispone lo siguiente:

---

(1) De haberse tratado de un *claims-made policy* o un *discovery policy,* la cubierta sería efectiva si el daño es descubierto y traído a la atención de la aseguradora dentro del período de vigencia de la póliza. 7A *Appleman, Insurance Law and Practice (Berdal ed.)* Sec. 4491.01 (1979).

La compañía aseguradora pagará en beneficio de o por el asegurado toda suma de dinero que el asegurado esté legalmente obligado a pagar por daños físicos o daños a la propiedad *causados por un siniestro* . . . . (Traducción y énfasis nuestros.) Apéndice IX.

▬▬ Dentro del campo especializado del derecho de seguros, el término *siniestro* significa:

. . . la manifestación concreta del riesgo asegurado, que produce unos daños garantizados en la póliza hasta determinada cuantía. Siniestro es el incendio que origina la destrucción total o parcial de un edificio asegurado; el accidente de circulación del que resultan lesiones personales o daños materiales; el naufragio en el que se pierde un buque o las mercancías transportadas; el granizo que destruye una plantación agrícola, etc.

Siniestro es, pues, un acontecimiento que, por originar unos daños concretos previstos en la póliza, motiva la aparición del principio indemnizatorio, obligando a la entidad aseguradora a satisfacer, total o parcialmente, al asegurado o a sus beneficiarios, el capital garantizado en el contrato. J. Castelo Matrán, *Diccionario Mapfre de Seguros*, Madrid, Ed. Mapfre, 1988, pág. 28D.

En este caso la propia póliza, al definir el término, utiliza la definición aceptada por los tratadistas y por la jurisprudencia, y establece que siniestro es un accidente que incluye la exposición continua y repetida a una condición *que resulta* en daños físicos o a la propiedad no anticipada ni intencionales desde el punto de vista del asegurado.

También define "daños a la propiedad" como un "*daño físico o destrucción* de propiedad tangible *que ocurre durante el periodo de vigencia de la póliza*". (Traducción y énfasis nuestros.) Apéndice IX, pág. 85 *et seq*. Nótese que aun la propia póliza requiere que "el hecho desencadenante del daño y provocador de responsabilidad ocurra mientras el contrato de seguros esté vigente".

Al interpretar esta cláusula, procede que también estudiemos los tratadistas de seguros en Estados Unidos, donde

se origina este tipo de póliza. Couch arroja gran luz sobre la controversia planteada, por lo que le citamos en lo pertinente:

> *Sec. 44:256* . . . . .
> La fecha en que se sufre el daño es la importante al determinar la existencia de responsabilidad, aun cuando dicho daño sea el resultado de actos anteriores o la extensión del daño no se pueda determinar hasta una fecha posterior.
> Como ejemplo del principio de que lo importante es la fecha en que ocurre el daño, aunque la conducta que lo causó hubiese ocurrido en una fecha anterior, se ha sostenido que no *constituye una defensa* en una acción contra una póliza de responsabilidad pública por accidente de un contratista, el hecho de que la negligencia que causó el daño se debió a trabajo de construcción realizado antes de la emisión de la póliza, si el accidente ocurrió dentro del término de la póliza. (Traducción nuestra, escolio omitido y énfasis suplido.)[2]

También:

> *Sec. 44:8* . . . .
> Un accidente que por su naturaleza constituye un riesgo cubierto por una póliza de responsabilidad no está cubierto si ocurre antes o después del período de vigencia de la póliza. Dicho de otra manera, si el accidente o el daño ocurriese fuera de la vigencia de la póliza no habría responsabilidad.
> Algunos casos giran en torno a si un accidente o daño ocurrió en el momento en que se cometió el acto negligente o en el momento en que se sufrió el daño alegado. *Parece ser un hecho aceptado dentro del significado de una póliza de indem-*

---

[2] 11 *Couch on Insurance 2d (Rev. ed.)* Sec. 44:256, págs. 399–400 (1982): "*Time when liability attaches.*

"It is the date when harm is sustained which is significant in determining whether liability arises, even though such harm is the consequence of earlier actions or the extent of the harm cannot be determined until some later time.

"Illustrative of the principle that is the date of harm although the conduct causing the harm had taken place at an earlier date, it is held that it is no defense to an action on a contractor's public liability accident policy that the negligence which caused the injury was in construction work done prior to the issuance of the policy, if the accident occurred during the policy term . . . ." (Escolio omitido.)

*nización que el momento en que ocurre el accidente no es
cuando se comete el acto negligente sino cuando el recla-
mante sufre el daño.*

*Esta regla se ha aplicado a pólizas de responsabilidad in-
dependientemente de su naturaleza,* tales como pólizas que
cubren la responsabilidad de un contratista, la responsabili-
dad pública, la responsabilidad por productos y la responsabi-
lidad profesional.

Sin embargo, el hecho de que un daño ocurra después de
expirar la póliza no excluye la indemnización si la póliza se ha
extendido más allá del período en que ocurrió el daño. *Eviden-
temente un daño no está cubierto después de terminar la vi-
gencia de la póliza aun cuando surja del trabajo realizado
durante la vigencia de la misma.* (Traducción nuestra, esco-
lios omitidos y énfasis suplido.)[3]

Appleman también nos ilustra sobre el tema:

. . .[L]a fecha del siniestro en una póliza de indemnización
generalmente no se considera el momento en que se llevó a

---

[3] *Couch,* supra, Sec. 44:8, págs. 193–195:
"*Occurrence of loss during time of coverage.*
"An accident which, as to its nature, represents a risk covered by a policy of
liability insurance *is not covered if it occurs either before or after the period of
coverage under the policy. Stated differently, no liability exists if the accident or
injury occurs outside the time period of coverage of a liability policy.*
"In some of the cases the issue involved was whether an accident or injury
occurs at the time the wrongful act is committed or at the time the damage com-
plained of is actually sustained. *It appears to be well settled that the time of the
occurrence of an accident within the meaning of an indemnity policy is not the
time the wrongful act was committed but the time when the complaining party
was actually damaged.*
"*This rule has been applied to liability policies without distinction as to
their character,* such as policies covering contractor's liability, comprehensive
personal liability, product liability, and professional liability.
"But the fact that an injury occurs after the expiration of the policy does not
preclude recovery, if the policy has been extended beyond the time when the
injury was suffered. *And clearly there is no coverage for injury after the policy
period terminates even if it arises out of work performed during the policy pe-
riod . . . .*" (Énfasis suplido y escolios omitidos.)

cabo el acto negligente sino realmente la fecha en que la parte querellante sufrió el daño. (Traducción nuestra.)[4]

Otros tratadistas norteamericanos también sostienen la norma esbozada. R.E. Keeton, *Basic Text on Insurance Law*, Minnesota, West Publishing Co., 1971, Sec. 5.10(D), págs. 334–335; Anotación, *Event as Occurring Within Period of Coverage of "Occurrence" and "Discovery" or "Claims Made" Liability Policies*, 37 A.L.R.4th 382, Sec. 2[a] (1985); Anotación, *Automobile Liability Insurance: What are Accidents or Injuries "Arising Out of Ownership, Maintenance, or Use" of Insured Vehicle*, 15 A.L.R.4th 10, Sec. 20[a] (1982); Anotación, *Occurrence of Accident or Injury as During, or Before or After, Time Period of Coverage of Liability Policy*, 57 A.L.R.2d 1385, Secs. 4 y 6 (1958).

Los tratadistas latinoamericanos comparten la opinión de que lo realmente determinante es la fecha en que ocurrió el siniestro y, por consecuencia, los daños y no la fecha en que se cometió el acto negligente. En Colombia el propio Código de Seguros establece la responsabilidad del asegurado de probar la ocurrencia del siniestro y la cuantía de la pérdida. Ello significa que le corresponde probar al asegurado "el acaecimiento del suceso incierto provisto en el contrato de seguros dentro del término de vigencia de la póliza". B. Zuleta, *El contrato de seguros en el nuevo Código de Comercio*, Bogotá, Ed. Temis, 1981. Bajo el estado de derecho en Argentina, es necesario que el siniestro se produzca durante la vigencia material del seguro, esto es: en el lapso por el cual se extendió la garantía. I. Halperín, *Lecciones de Seguros*, Buenos Aires, Ed. De Palma, 1976. A igual conclusión ha llegado la doctrina española. Caño Escudero, 1 *Derecho Español de Seguros*, Madrid, 1983, pág. 516–540.

---

[4] *Appleman*, supra, pág. 5:

"... [T]he time of the occurence of the accident within an indemnity policy is generally not considered to be the time the wrongful act was committed but the time when the complaining party was actually damaged."

La jurisprudencia norteamericana estatal también favorece esta interpretación. Por ejemplo, en *California Union Ins. Co. v. Landmark Ins. Co.*, 193 Cal. Rptr. 461 (1983), el Tribunal Supremo interpretó una póliza similar y concluyó que: "la fecha de la ocurrencia de un accidente, según los términos de una póliza de indemnización, no es el momento en que se llevó a cabo el acto negligente sino cuando el reclamante realmente sufrió el daño." (Traducción nuestra.)

Numerosos casos estatales sostienen el mismo principio. *Cf. Remmer v. Glens Falls Indemnity Company*, 295 P.2d 19 (Cal. 1956); *Maples v. Aetna Cas. and Sur. Co.*, 148 Cal. Rptr. 80 (1978); *Muller Fuel Oil Co. v. Ins. Co. of No. Amer.*, 232 A.2d 168 (App. N.J. 1967); *Bituminous Casualty Corporation v. Horn Lumber Company*, 283 F. Supp. 365 (D. Ark. 1968). Aun cuando han interpretado pólizas ambiguas, los tribunales estatales han favorecido al asegurado. Véase Anotación, *Event as Occurring Within Period of Coverage of "Occurrence" and "Discovery" or "Claims Made" Liability Policies*, supra, Sec. 4[a].

█ Como regla general, en una póliza a todo riesgo la fecha determinante es cuando efectivamente el reclamante sufre el daño al ocurrir el siniestro y no cuando se llevó a cabo el acto negligente. Aunque generalmente los dos (2) elementos son simultáneos, en ocasiones hay una separación de tiempo, lo que da lugar a controversias como la de autos. Sin embargo, en este caso el momento en que los reclamantes realmente sufrieron los daños que originaron este litigio fue en marzo de 1981, fecha en que ocurrió el siniestro, y para esa fecha la póliza expedida por Eagle estaba en vigor. En estas circunstancias, el tribunal correctamente declinó la petición de la compañía aseguradora.

Por último, el análisis normativo anterior nos permite reconsiderar nuestros pronunciamientos en *Saavedra v. Joyerías Gordons, Inc.*, 120 D.P.R. 360 (1988), para adoptar la

doctrina prevaleciente en casi todas las jurisdicciones norteamericanas y en el mundo civilista.

Por las razones antes expuestas, *se confirma la resolución del Tribunal Superior y se devuelve el caso a ese foro para que continúen con los procedimientos.*

El Juez Presidente Señor Pons Núñez y los Jueces Asociados Señores Negrón García y Ortiz se inhibieron.