# 2006 DTA 90

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAROLINA**
**PANEL V SUSTITUTO**

JUDITH MÉNDEZ PADILLA
Demandante

v.

LEVITT HOMES PUERTO RICO, INC.
Demandada-Peticionaria

AMERICAN INTERNATIONAL INSURANCE COMPANY OF P.R.
Demandada-Recurrida

Núm. KLCE-06-00363

San Juan, Puerto Rico, a 21 de junio de 2006

Panel integrado por su Presidente, el Juez Rivera Martínez,
y los Jueces Aponte Hernández y Morales Rodríguez

Rivera Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 17 de marzo de 2006, Levitt Homes Puerto Rico, Inc. presentó ante este foro un recurso de *certiorari*. Se recurre de la Resolución dictada el 30 de enero de 2006 por el Tribunal de Primera Instancia, Sala Superior de Carolina, en el caso de *Judith Méndez Padilla v. Levitt Homes Puerto Rico, Inc. et al,* la cual fue notificada y archivada en autos el 17 de febrero de 2006. Mediante la misma, el Tribunal de Primera Instancia declaró Con Lugar la *Moción de Sentencia Sumaria* presentada por la co-demandada American International Insurance Company of Puerto Rico.

Con el beneficio de la comparecencia de las partes y luego de evaluar el presente recurso, así como el derecho aplicable, resolvemos expedir el auto solicitado y revocar la Resolución recurrida.

### I

El 29 de julio de 2004, la señora Judith Méndez Padilla presentó una demanda contra Levitt Homes Puerto Rico, Inc. (en adelante la peticionaria o Levitt Homes) y American International Insurance Company of Puerto Rico (en adelante la recurrida o AIICO) por los daños alegadamente sufridos como consecuencia de los vicios de construcción y ruina en su propiedad. La Sra. Méndez Padilla alegó, en síntesis, que el 15 de septiembre de 2000 adquirió de Levitt Homes el apartamento 7002 del Condominio Aventura ubicado en la urbanización Encantada localizada en Trujillo Alto, Puerto Rico; que poco después se percató de la existencia de un problema de estancamiento de agua en el patio del apartamento así como humedad y hongo dentro del mismo y que dichos defectos han hecho que el apartamento se encuentre en un estado de ruina que imposibilita el uso del mismo para los fines que se compró. Reclamó que se rescindiera el contrato de compraventa, que se le devolviera el dinero pagado por el apartamento y que se le indemnizara por los daños ocasionados a sus bienes muebles y por los daños y angustias mentales sufridos.

AIICO fue incluida en la demanda por ser la compañía aseguradora que expidió la póliza general de responsabilidad comercial a favor de Levitt Homes, la cual estaba vigente al momento de los hechos alegados en la demanda. Levitt Homes y AIICO contestaron la demanda. Luego de varios trámites procesales, la recurrida presentó una *Moción de Sentencia Sumaria*. Alegó, en síntesis, que procedía que se dictase sentencia sumaria a su favor por falta de cubierta debido a que para que la póliza en cuestión entre en vigencia, el evento que motiva la cubierta debe ser una ocurrencia (occurrence). Arguyó que la póliza no ofrecía cubierta sobre los daños alegados porque el caso no se trataba de un accidente, sino de vicios de construcción que se manifestaron con el tiempo.

Así las cosas, Levitt Homes presentó un *Escrito de Oposición a la Moción de Sentencia Sumaria* presentada por AIICO. Planteó que a tenor con los términos de la póliza y de la jurisprudencia interpretativa del contrato de seguros, una póliza a base de una ocurrencia tiene una cubierta lo suficientemente amplia como para cubrir

daños que provienen de defectos de construcción. Posteriormente, AIICO presentó su Réplica y Levitt su Dúplica.

Luego de presentadas la Réplica y la Dúplica, el T.P.I. le ordenó a AIICO a expresarse sobre varios de los argumentos vertidos en la Dúplica presentada por Levitt Homes. La recurrida presentó una *Moción en Cumplimiento de Orden*. Mediante la misma reiteró los argumentos vertidos en la *Moción de Sentencia Sumaria* y añadió que, al hacer referencia a "*daños a la propiedad*", la póliza excluye de su cubierta aquellos daños a la propiedad que debe ser restaurada, reparada o reemplazada, debido a que el trabajo del asegurado se llevó a cabo incorrectamente.

Levitt Homes presentó una *Oposición a Moción en Cumplimiento de Orden*. Adujo que los vicios de construcción constituyen una ocurrencia bajo los términos de la póliza y que la exclusión referente a la cubierta por daños a la propiedad no es aplicable al caso porque la misma póliza hace una excepción cuando el trabajo lo realiza un contratista o subcontratista. Las partes presentaron cada una su Réplica y Dúplica. Posteriormente, el T.P.I. emitió la Resolución impugnada. Mediante la misma declaró Con Lugar la *Moción de Sentencia Sumaria* presentada por la recurrida adoptando como fundamentos los vertidos en la susodicha moción y en la réplica a la *Oposición a Moción en Cumplimiento de Orden*.

Inconforme con la determinación, Levitt Homes presentó ante nos el recurso que hoy nos ocupa. En el mismo señala que el T.P.I. erró al dictar Sentencia Sumaria a favor de AIICO, a base de una interpretación incorrecta de las cláusulas de la póliza expedida por dicha aseguradora y en contravención a la normativa aplicable a la interpretación de los contratos de seguro. Veamos.

## II

La sentencia sumaria es un mecanismo procesal extraordinario y discrecional que tiene como objetivo facilitar la solución justa y rápida de los litigios y casos civiles que no presentan controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de una vista en su fondo. *Díaz Rivera v. Srio. de Hacienda*, 168 D.P.R. ___ (2006), **2006 J.T.S. 94**; *E.L.A. v. Cole Vázquez*, 164 D.P.R. ___ (2005), **2005 J.T.S. 55**. Dicho mecanismo, aunque es un instrumento valioso, solo debe concederse cuando no existe disputa sobre algún hecho esencial y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. *Rosario Ortiz v. Nationwide Insurance Co.*, 158 D.P.R. ___ (2003), **2003 J.T.S. 34**; *Audio Visual Language v. Sistema de Estacionamientos Natal*, 144 D.P.R. 563, 575 (1997). En el proceso de determinar si la sentencia sumaria es el vehículo procesal apropiado para disponer total o parcialmente de una demanda, el sabio discernimiento es el principio rector para su uso. *Díaz Rivera v. Srio. de Hacienda, supra. Management Administration Services Corp. v. E.L.A.*, 152 D.P.R. 599, 611 (2000); *Roig Comercial Bank v. Rosario Cirino*, 126 D.P.R. 613, 617 (1990). Por ello, debe ser utilizada con cautela, ya que una controversia mal adjudicada sumariamente tiene el efecto de privar al litigante de su día en corte, principio elemental del debido proceso de ley. *González Rivera v. Multiventas*, 165 D.P.R. ___ (2005), **2005 J.T.S. 154**.

A tono con lo anterior, el Tribunal Supremo ha expresado que la privación de un litigante de su "*día en corte*" es una medida procedente sólo en casos extremos, a usarse solamente en casos claros. *Malavé Serrano v. Oriental Bank & Trust*, 167 D.P.R. ___ (2006), **2006 J.T.S. 72**; *Rosario Ortiz v. Nationwide Insurance Co., supra*. También ha establecido que no es aconsejable utilizar el mecanismo procesal de la sentencia sumaria en casos donde hay elementos subjetivos de intención, propósitos mentales o negligencia o cuando el factor credibilidad sea esencial. *Rosario Ortiz v. Nationwide Insurance Co., supra*; *Soto v. Hotel Caribe Hilton*, 137 D.P.R. 294, 301 (1994). Así pues, aunque el tribunal puede dictar sentencia sumaria a su discreción, no es aconsejable resolver sumariamente casos complejos o que envuelvan cuestiones de interés público. *Rosario Ortiz v. Nationwide Insurance Co., supra*; *H.M.C.A. P.R., Inc., v. Contralor*, 133 D.P.R. 945, 958 (1993).

La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, regula todo lo concerniente a la sentencia

sumaria. Específicamente, la Regla 36.3, 32 L.P.R.A. Ap. III, R. 36.3, dispone que podrá dictarse una sentencia sumaria cuando de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, no exista una controversia real sobre los hechos materiales y esenciales del caso en cuestión. *E.L.A. v. Benjamín Cole Vázquez et. als., supra*; *Management Administration Service, Corp. v. E.L.A., supra*, a la pág. 610.

Al dictar sentencia sumaria, el tribunal deberá analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como todo documento admisible en evidencia que obre en el expediente del tribunal y determinar si el oponente de la moción controvirtió algún hecho material y/o esencial o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Maldonado v. Cruz Dávila*, 161 D.P.R. ____ (2004), **2004 J.T.S. 8**; *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272, 280 (1990). Procede dictar sentencia sumaria cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. *E.L.A. v. Benjamín Cole Vázquez et. als., supra*; *Vélez Lebrón v. García Passalacqua, supra*; *García Rivera v. Enríquez Marín*, 153 D.P.R. 323, 338 (2001).

Al considerar una moción de sentencia sumaria, el tribunal no dirime credibilidad, sino que deberá presumir como ciertos todos los hechos no controvertidos que surjan de los documentos presentados y demás evidencia admisible. Una vez controvertido algún hecho material en la controversia, es obligación del tribunal denegar la solicitud y proceder con el juicio en plenario. *González Rivera v. Multiventas, supra*; *Vera Morales v. Bravo Colón*, 161 D.P.R. ___ (2004), **2004 J.T.S. 40**. Por lo que un tribunal no debe dictar sentencia sumaria cuando los hechos materiales y esenciales han sido controvertidos; haya alegaciones afirmativas en la demanda que no han sido refutadas; surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o como cuestión de derecho no procede. *Vélez Lebrón v. García Passalacqua, supra*; *Vera Morales v. Bravo Colón, supra*.

Así, pues, una parte tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos materiales y esenciales. Toda duda en cuanto a la existencia de una controversia real acerca de los hechos medulares del caso debe resolverse contra la parte que solicita la sentencia sumaria. *López Colón v. Hon. Miranda Marín*, 166 D.P.R. ____ (2005), **2005 J.T.S. 197**; *Sucn. de Gregorio Maldonado Ortiz v. Sucn. de Francisco Maldonado Hernández*, 166 D.P.R. ____ (2005), **2005 J.T.S. 172**.

Finalmente, el Tribunal Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. *Vera Morales v. Bravo Colón, supra*. Sin embargo, al revisar la determinación de primera instancia, el Tribunal Apelativo está limitado de dos maneras: primero, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación exhibits, deposiciones o declaraciones que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. Segundo, el Tribunal Apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Vera Morales v. Bravo Colón, supra*.

### III

El contrato de seguro es un contrato mediante el cual una persona se obliga a indemnizar a otra o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. *Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957*, 26 L.P.R.A. sec. 102. Este, al igual que todo otro contrato, constituye la ley entre las partes siempre que concurran las tres (3) condiciones esenciales para su validez. *Art. 1230 del Código Civil*, 31 L.P.R.A. sec. 3451. A saber, consentimiento de los contratantes, objeto

cierto que sea materia del contrato, y causa de la obligación que se establezca. *Art. 1213 del Código Civil*, 31 L. P.R.A. sec. 3391.

Dispone el Código de Seguros que todo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por aditamento, endoso o solicitud adherido a la póliza y que forme parte de ésta. *Código de Seguros, supra*, a la sec. 1125; *Díaz Ayala v. E.L.A.*, 153 D.P.R. 675, 691 (2001). En esta tarea, las normas generales del Código Civil sobre interpretación de contratos aplicarán sólo de manera supletoria. *Banco de la Vivienda v. Underwriters*, 111 D.P.R. 1, 16 (1981).

En caso de dudas en la interpretación de una póliza, ésta debe resolverse de modo que se realice el propósito de la misma: proveer protección al asegurado. *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139, 155 (1996). Es por eso que no se favorecerán las interpretaciones sutiles que le permitan a las compañías aseguradoras evadir su responsabilidad. Corresponde a los tribunales buscar el sentido y significado que a las palabras de la póliza en controversia le daría una persona de inteligencia promedio que fuese a comprar la misma. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881, 902 (1994); *Barreras v. Santana*, 87 D.P.R. 227, 235 (1963). No debe atenderse demasiado al rigor gramatical, sino al uso general popular de las voces, de manera que los contratos de seguro sean entendidos e interpretados en su más corriente y usual significado. *Marín v. American Int'l Ins. Co. of P.R.*, 137 D.P.R. 356, 361 (1994); *Morales Garay v. Roldán Coss*, 110 D.P. R. 701, 706 (1981). Así, el asegurado que adquiere una póliza tiene derecho a confiar en la cubierta que se le ofrece "*leyendo las cláusulas del contrato a la luz del sentido popular de sus palabras.*" *Molina Texidor y otros v. Centro Recreativo Plaza Acuática*, 166 D.P.R. ___ (2005), **2005 J.T.S. 177**; *Pagán Caraballo v. Silva, Ortiz*, 122 D.P.R. 105, 110-111 (1988).

Como regla general, los contratos de seguros, por ser considerados contratos de adhesión, se interpretarán liberalmente a favor del asegurado. *Quiñones López v. Manzano Pozas, supra*, a la pág. 155; *Rosario v. Atlantic Southern Ins. Co. of P.R.*, 95 D.P.R. 759, 765 (1968). Ahora bien, esta norma no tiene el efecto de obligar a que se interprete a favor del asegurado una cláusula que favorece al asegurador y cuyo significado y alcance es claro y libre de ambigüedad. *López Castro v. Atlantic Southern Ins. Co.*, 158 D.P.R. ___ (2003), **2003 J.T.S. 14**; *Torres v. E.L.A.*, 130 D.P.R. 640, 652 (1992). En tales situaciones, la misma debe considerarse obligatoria para el asegurado. *Casanova v. P.R.-Amer. Ins. Co.*, 106 D.P.R. 689, 697 (1978). No se admitirá una interpretación que vulnere el claro propósito y voluntad de las partes. *Domínguez Vargas v. GA of P.R.*, 158 D.P.R. ___ (2002), **2002 J.T.S. 110**.

Por otra parte, al resolver pleitos de seguros, los cuales usualmente requieren que se interpreten las cláusulas de la póliza, se ha reconocido que la jurisprudencia federal y estatal es de "*gran utilidad y valor persuasivo en nuestra jurisdicción*" *Quiñones López v. Manzano Pozas, supra*, a la pág. 157.

Analicemos la situación particular que presentan los hechos que consideramos en el caso de epígrafe a la luz del precedente marco jurídico y jurisprudencial.

## IV

En el caso ante nuestra consideración, la señora Méndez Padilla le reclama a Levitt Homes y AIICO por los daños alegadamente sufridos como consecuencia de los vicios de construcción que adolece su propiedad y que han imposibilitado el uso de la misma para los fines que se compró. Alega la recurrida que el contrato de seguro suscrito por las partes no ofrece cubierta sobre los daños alegados en la demanda porque el caso no se trata de un accidente, sino de vicios de construcción que se manifestaron con el tiempo. Por su parte, la peticionaria plantea que los daños que resultan de defectos de construcción están cubiertos por la póliza de AIICO porque constituyen una ocurrencia.

La póliza de seguro de responsabilidad comercial expedida por AIICO a favor de Levitt Homes establece, en lo pertinente, lo siguiente:

*"Section I- Coverages*

*Coverage A. Bodily Injury and Property Damage Liability*

*1. Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. [...]*

*b. This insurance applies to "bodily injury" and "property damage" only if:*

**(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes places in the "coverage territory" [...]".** ▆ (Énfasis suplido.)

Ésta define ocurrencia (occurrence) como *"an accident, including continuous or repeated exposure to substantially the same general harmful conditions"*.

El Tribunal Supremo de Puerto Rico en *PZF Props. Inc. v. Gen. Acc. Ins. Co.*, *supra*, a la pág. 904, definió el término siniestro u ocurrencia como:

*"...la manifestación concreta del riesgo asegurado, que produce unos daños garantizados en la póliza hasta determinada cuantía. Siniestro es el incendio que origina la destrucción total o parcial de un edificio asegurado; el accidente de circulación del que resultan lesiones personales o daños materiales; el naufragio en el que se pierde un buque o las mercancías transportadas; el granizo que destruye una plantación agrícola, etc. Siniestro es, pues, un acontecimiento que, por originar unos daños concretos previstos en la póliza, motiva la aparición del principio indemnizatorio, obligando a la entidad aseguradora a satisfacer, total o parcialmente, al asegurado o a sus beneficiarios, el capital garantizado por el contrato."*

Dicho foro añadió que si una cláusula de un contrato de seguros está redactada en términos de la ocurrencia de un siniestro (occurrence), su cubierta será más amplia que la provista por aquellas pólizas que se redacten de tal manera que se compensen daños causados por accidentes. *Id.* Reconoció que la misma puede cubrir reclamaciones tales como enfermedades, exposición a gases tóxicos o enfermedades contagiosas, actos de omisión como la falta de instalación de una alarma o de un sistema de rociadores, violaciones a patentes o derechos de autos, consejos erróneos sobre inversiones, diseño estructural defectuoso o pérdida debido a error u omisión. *Albany Ins. Co. v. CÍA Des. Comercial P.R.*, 125 D.P.R. 421, 426 (1990).

A manera de comparación, el Tribunal Apelativo para el Quinto Circuito en *Federated Mutual Insurance Co. v. Grapevine Excavation Inc., et al.*, 197 F. 3d 720 (5th Cir. 1999), catalogó los defectos de construcción como una ocurrencia. A esos efectos dispuso lo siguiente: *"construction defect claims arising from alleged negligent work constituted an occurrence triggering coverage under the policy and giving rise to a duty to defend absent an applicable policy exclusion"*. Así mismo, el Tribunal de Distrito de Texas resolvió que *"construction defect claims arising from negligent work allege an occurrence, leaving the coverage to be determined by construction-specific exclusions in the policy."* *Great American Ins. Co. v. Calli Home, Inc.*, 236 F. Supp. 2d 693 (S.D. Tex. 2002).

Conforme lo anterior y ante el hecho de que la póliza de responsabilidad comercial expedida a favor de Levitt Homes está redactada a base de una ocurrencia, podemos concluir que la misma tiene una cubierta lo

suficientemente amplia como para cubrir daños que provienen de defectos o vicios de construcción. Por lo que no se puede descartar que la recurrida debe proveerle cubierta a Levitt Homes a menos que la cláusula de exclusión sobre daños que surjan del trabajo realizado por el asegurado no sea de aplicación al caso de autos.

La cláusula de exclusión establece que la póliza no cubrirá lo siguiente:

*"That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it."* ■

Sin embargo, surge del contrato que esa exclusion tiene una excepción que entrará en vigor *"if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."* ■ Plantea AIICO que la exclusión aplica al caso de marras porque Levitt Homes fue la constructora del Condominio Aventura. Levitt Homes por su parte alega que sólo fue la desarrolladora del proyecto y que subcontrató a otras personas para construyeran el mismo.

De lo anterior surge que existe una controversia en cuanto a la participación que tuvo Levitt Homes en la construcción del Condominio Aventura. Es necesario presentar prueba al respecto en un juicio en plenario para poder determinar si aplica o no la exclusión al caso de autos. Erró el T.P.I. al disponer de la controversia sumariamente.

## V

Por los fundamentos antes expuestos, procedemos a expedir el auto y revocar la Resolución del Tribunal de Primera Instancia que declaró con lugar la *Moción de Sentencia Sumaria* presentada por la recurrida. Devolvemos el caso para la continuación de los procedimientos, conforme lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2006 DTA 90

**1.** Véase Página 26 del apéndice del recurso.

**2.** Véase página 29 del apéndice del recurso.

**3.** Véase página 29 del apéndice del recurso.